UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Zhihua Zhang,<br><br>      Plaintiff,<br><br>v.<br><br>Merrick B. Garland, *Attorney General of the United States*; Alejandro Mayorkas, *Secretary of the Department of Homeland Security*; Ur M. Jaddou, *Director of the United States Citizenship and Immigration Services*; Trina Swanson, *Director of the USCIS Minneapolis-St. Paul Field Office*,<br><br>      Defendants. | No. 24-cv-4177 (KMM/DTS)<br><br>**ORDER** |

      Plaintiff Zhihua Zhang, a Chinese citizen, filed the Complaint in this case on November 12, 2024. Plaintiff seeks a writ of mandamus compelling Defendants to adjudicate his Form I-485 application for adjustment of status to that of a lawful permanent resident ("LPR") in the United States. Compl., Dkt. No. 1. The Clerk of Court issued summonses to each of the Defendants the following day. Dkt. No. 2. On January 31, 2025, Plaintiff filed a motion for a default judgment granting the writ of mandamus compelling Defendants to adjudicate his LPR application. Pl.'s Default J. Mot., Dkt. No. 4. In support of his motion, Plaintiff asserts that "Defendants [were] served with the complaint on November 26, 2024, as evidenced by the proof of service filed with the Court on December 2, 2024," but failed to answer or otherwise respond to the Complaint

1

within 60 days. *Id.* at 2. As a result, Plaintiff alleges that default judgment is appropriate under Fed. R. Civ. P. 55. Plaintiff's motion for default judgment is denied.

First, the applicable procedural hurdles for entry of default judgment have not been cleared. Default proceedings under Rule 55 move forward in two stages. In the initial stage, under Rule 55(a), after a defendant fails to file a timely answer or pre-answer motion in response to a complaint, a plaintiff files an application for entry of default with the Clerk of Court. If the plaintiff's application demonstrate that the defendant has failed to timely respond, then the Clerk enters that defendant's default on the record. *AGFO Fin., LLC v. Littrell*, 320 F.R.D. 45, 47 (D. Minn. 2017) explaining that "[f]irst, under Rule 55(a), the litigant seeking default judgment must submit proof that the opposing party failed to plead or otherwise defend against the claims and request that the clerk of court enter default as to the opposing party").

The second stage of the default procedure, which is set forth in Rule 55(b), allows a party to apply to the district court "for *default judgment* to be entered." *See id.* A district court cannot enter default judgment against any party under Rule 55(b) unless the clerk has first entered that party's default under Rule 55(a). *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (explaining that "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)").

Here, the Clerk of Court has not entered the default of any Defendant against whom Plaintiff seeks default judgment. Plaintiff's motion seeks relief at the second stage of the default process before the first mandatory step has taken place. As a result, the Court must deny Plaintiff's motion for default judgment.

The second reason the entry of default judgment against the Defendants would be improper in this case is that the Court is not satisfied that Plaintiff has shown that he has provided legally effective service of process. If a defendant has not been properly served with the summons and complaint as required, the Court cannot enter a default judgment against the defendant because it lacks personal jurisdiction over the allegedly defaulting party. *Burns v. Office of Attorney Gen.*, No. 08-cv-858 (PJS/RLE), 2007 WL 2247600, at *5 (D. Minn. Aug. 2, 2007) ("To enter a default judgment, a court must have jurisdiction over the defaulting party, and the defendant must have been made party to the action by proper service of process.") (quoting *United States v. Woods*, No. 02-cv-1411 (JNE/JGL), 2004 WL 790332, at *3 (D. Minn. Mar. 31, 2004); *see also Barry v. Islamic Republic of Iran*, 410 F. Supp. 3d 161, 171 (D.D.C. 2019) (explaining that a court must "satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant") (internal quotation marks omitted).

Service of process upon federal government officials, such as the named Defendants in this case, is governed by Federal Rule of Civil Procedure 4(i):

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
> > (1) *United States.* To serve the United States, a party must:
> >
> > > (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

3

> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i).

Here, it is evident that Plaintiff attempted to comply with Rule 4(i), but the record shows that he has not fully done so. Plaintiff's proof of service, which he sent to the Court on November 26, 2024, shows that he mailed a summons to each named Defendant's official address by certified mail. Proof of Service, Dkt. No. 3. However, Rule 4(i) requires that a plaintiff send a copy of not only the summons, but also the Complaint to each United States officer sued in his or her official capacity. Therefore, Plaintiff has, at most, demonstrated partial compliance with Rule 4(i)(2), which requires a plaintiff to send a copy of the summons and complaint to the federal government official named as an official-capacity defendant.

In addition Plaintiff has not shown that he has complied with Rule 4(i)(2)'s requirement of service upon the United States itself. Specifically, the record reflects no

4

effort by the Plaintiff to deliver a copy of the summons and complaint to the United States attorney for the district where this action was filed—the District of Minnesota. Under Rule 4(i)(1), Plaintiff could show that he served the United States by demonstrating that he delivered a copy of the summons and complaint to the United States Attorney for the District of Minnesota, an Assistant United States Attorney, or a clerical employee who the United States attorney designated in writing to receive service. Fed. R. Civ. P. 4(i)(1)(A)(i). Alternatively, Plaintiff could show he served the United States if he sent a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office. Fed. R. Civ. P. 4(i)(A)(ii). He has not made such a showing here. Accordingly, the Court finds that Plaintiff has not demonstrate that default judgment should be entered against any Defendant.

For these reasons, Plaintiff's motion for default judgment, Dkt. No. 4, is **DENIED**. The Court notes that under Rule 4(m), Plaintiff was required to complete service of process within 90 days of commencing this case. Fed. R. Civ. P. 4(m) (providing for dismissal without prejudice of a complaint against a defendant "[i]f a defendant is not served within 90 days after the complaint is filed"). As of the date of this Order, it has been 83 days since Plaintiff commenced this action by filing his Complaint. The Court hereby extends the time for Plaintiff to complete service of process upon the Defendants **until Monday, May 12, 2025**. If Plaintiff has failed to show effective proof of service upon a defendant by that deadline, he is cautioned that his Complaint may be dismissed against that defendant without prejudice for failure to prosecute, unless he shows good cause for the failure. Fed. R. Civ. P. 4(m).

Finally, the Court will separately refer Plaintiff to the Minnesota Chapter of the Federal Bar Association's *Pro Se* Project so that he may have an opportunity to consult with a volunteer attorney regarding his case.

Date: February 3, 2025                    *s/Katherine Menendez*
                                                             Katherine Menendez
                                                             United States District Judge